UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE A. LAWRENCE,

    Plaintiff,

v.                                         Case No. 8:20-cv-2570-T-210SPF

LAURALEE WESTINE, in her official
capacity as a Family Court Judge in the
Circuit of Sixth Judicial Circuit in and
for Pasco County, Florida,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's renewed Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 19), which the Court construes as a request to proceed *in forma pauperis*. Upon review of Plaintiff's First Amended Complaint for Declaratory and Emergency Injunctive Relief ("Amended Complaint") (Doc. 14) and Plaintiff's request to proceed *in forma pauperis* (Doc. 19), it is recommended that Plaintiff's request be denied and the Amended Complaint dismissed.

    **I.    BACKGROUND**

Plaintiff is a petitioner in a family law matter ("Underlying Action") pending before Defendant Judge Lauralee Westine ("Judge Westine") in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida. (*See* Docs. 1-1 through 1-5; Doc. 14). Plaintiff describes Judge Westine as presiding over his and his wife's ("Mrs. Lawrence") divorce (Doc. 14 at ¶ 10). In the Underlying Action, Plaintiff has sought to change the autism therapy being administered to his minor child. (*See* Docs. 1-1, 1-2, 1-3; Doc. 14).

In the instant case, Plaintiff alleged in his initial complaint (Doc. 1) that, in the Underlying Action, Judge Westine ignored the recommendation of placing his minor child in Early Intensive Behavior Analysis ("EIBI") therapy in lieu of the child's current eclectic therapy. The undersigned previously recommended to the district judge[1] that Plaintiff's initial complaint (Doc. 1) be *sua sponte* dismissed without prejudice based on the fact that Judge Westine is afforded judicial immunity from suit for acts performed within the function of her judicial office. (*See* Doc. 9). Adopting the Report and Recommendation, the district judge dismissed Plaintiff's complaint (Doc. 1) with leave to amend and denied Plaintiff's initial motion for leave to proceed *in forma pauperis* (Doc. 2) without prejudice. (*See* Doc. 18).

Plaintiff has now filed his Amended Complaint (Doc. 14), which alleges substantially the same claims, pursuant to 42 U.S.C. § 1983, against Judge Westine, in her official capacity, as were alleged in Plaintiff's initial complaint.[2] Similar to his initial complaint, Plaintiff's allegations are based solely on his disagreement with the actions Judge Westine took in her official judicial role in the Underlying Action related to his minor child's therapy. Plaintiff alleges that Judge Westine "side[d] with the wife [regarding the type of therapy] regardless of the overwhelming evidence that [Plaintiff] was correct" (Doc. 14 at ¶ 2) and that "Judge Westine's decision to keep the child in the 'eclectic' ABA was a bad decision that left the minor child untreated and Mrs. Lawrence manipulated the therapy to gain the advantage in

---

[1] This case was originally assigned to the Honorable Charlene E. Honeywell and was subsequently reassigned to the Honorable Kathryn K. Mizelle on January 7, 2021 (Doc. 20).
[2] In fact, Plaintiff notes at the bottom of each page of his Amended Complaint that the "primary changes between the 11/03/2020 [complaint] and the amended [complaint] are: the suing only in the official capacity alone, requesting award what [sic] seems justifiable and attorney fees & court costs" (Doc. 14).

2

the divorce and to avoid paying child support" (Doc. 14 at ¶ 24).  Plaintiff asserts that he "filed numerous motions trying to correct the judge but all of them were routinely denied and met with extreme resistance" (Doc. 14 at ¶ 2) and that the court "refused to change the therapy" and "continues to refuse to act in the 'best interest of the child'" (Doc. 14 at ¶ 3).  Finally, Plaintiff contends that "Judge Westine restricted [Plaintiff's] rights to continue taking care of his son despite the child's treating pediatric neurologist recommending that the minor spend the majority of his time with his father because of his autism diagnosis" (Doc. 14 at ¶ 9). Although Plaintiff lists five "claims," each "claim" contains only one alleged fact or argument illustrating how Judge Westine has allegedly violated § 1983 with her rulings regarding autism therapy for his minor child.

      As relief, Plaintiff seeks (1) an injunction directing Judge Westine to allow Plaintiff to start his minor child in the EIBI program with Plaintiff "functioning as a Registered Behavior Therapist under the supervision of Board Certified Behavior Analyst from the Center for Autism and Related Disorders"; (2) an order that Mrs. Lawrence pay child support; (3) an order that the marital home not be sold so Plaintiff's minor son can begin the EIBI program "with the least amount of delays and interruptions and take advantage of the structured environment essential to the therapy"; (4) an order that Plaintiff have "full use and possession of the 2016 Mercedes Benz so he can have reliable transportation to take care of their son"; (5) a declaration "that Autism and other similar childhood mental disorders should be declared a medical emergency and be treated no different than any other medical emergency

3

and requires swift treatment"; and (6) reasonable attorney's fees[3] and court costs (Doc. 14 at 10-11). All relief sought by Plaintiff is related to Plaintiff being able to provide EIBI therapy to his minor son. It is with this backdrop that the Court now considers Plaintiff's request to proceed *in forma pauperis* (Doc. 19).

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010)[4] (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). Moreover, "[e]ven if the

---

[3] The Court is unaware of any attorney's fees being incurred by Plaintiff in this matter as he is proceeding *pro se*.
[4] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

complaint otherwise states a claim and the alleged facts are not fantastic, the defendant's absolute immunity justifies dismissal before service of process." *Id.*

In addition, federal courts, like this one, are courts of limited jurisdiction and, therefore, have an obligation to inquire into their subject matter jurisdiction *sua sponte* whenever it may be lacking. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

### A. Lack of Subject Matter Jurisdiction

The claims lodged against Judge Westine in her official capacity are barred by the Eleventh Amendment and sovereign immunity. *See Higdon v. Tusan*, 746 F. App'x 805, 809-10 (11th Cir. 2018). "Suits against state officials in their official capacity are essentially actions against the state." *Id.* at 810 (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)); *see also Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996) (explaining that a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office, and, as such, it is no different than a suit against the State itself). Federal courts are prohibited by the Eleventh Amendment from considering suits brought by citizens against a state, including its agencies and departments, regardless of whether the relief sought is legal or equitable. *Higdon*, 746 F. App'x at 810 (citing *Uberoi v. Sup. Ct. of Fla.*, 819 F.3d 1311, 1313 (11th Cir. 2016)). Although the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), provides an exception to this rule and allows for suits against state officials seeking prospective equitable relief to end ongoing and continuing violations of federal law, the *Young*

5

doctrine does not permit actions against state officers seeking a declaration that the state officers violated federal law in the past or seeking to adjudicate the legality of past conduct. *Higdon*, 746 F. App'x at 810 (citing *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336-37 (11th Cir. 1999); *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)).

Here, Plaintiff does not seek prospective relief. Instead, Plaintiff seeks the entry of an order essentially overturning state court orders or declaring that the state court violated unspecified federal law in the past. He does not seek to enjoin ongoing and continuing violations of federal law, and, therefore, the *Young* doctrine does not apply. As such, Plaintiff's claims against Judge Westine in her official capacity are barred by the Eleventh Amendment and sovereign immunity.

Moreover, the *Rooker-Feldman* doctrine[5] bars federal district courts from reviewing state court decisions. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). Federal courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In *Staley v. Ledbetter*, the Eleventh Circuit held that the *Rooker–Feldman* doctrine deprived the district court of jurisdiction over a plaintiff's § 1983 claim in which she requested "reinstatement of parental custody and psychiatric care at state expense for her children and herself" based on alleged violation of the Equal Protection and Due Process Clauses. 837 F.2d 1016, 1017 (11th Cir. 1988). The

---

[5] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Eleventh Circuit held that: "no federal subject matter jurisdiction existed in this case [because, in] effect, [plaintiff] seeks to challenge collaterally the state agency and court proceedings that terminated her parental rights." *Id.* at 1017–18. Succinctly put, "federal courts are not a forum for appealing state court decisions." *Id.* at 1018. Here, Plaintiff seeks precisely the sort of review and relief that is prohibited by the doctrine. *See Burns v. Branham*, No. CV408-205, 2009 WL 113454, at *1-2 (S.D. Ga. Jan. 16, 2009) (holding that the *Rooker-Feldman* doctrine stripped the court of subject matter jurisdiction over a *pro se* litigant's complaint seeking to have a federal district court modify a state court child support order). As such, to the extent that Plaintiff is asserting that the issues in the Underlying Action were wrongly decided, those claims are barred by the *Rooker-Feldman* doctrine. *See Higdon*, 746 F. App'x at 812 n.4. To the extent that the Underlying Action may be ongoing, this further militates against entertaining Plaintiff's equitable claims for relief. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 429 (1982); *Younger v. Harris*, 401 U.S. 37, 44-45 (1971).

In addition to these reasons, Plaintiff's equitable claims, to the extent that they require the Court to determine issues of divorce, child support, or child custody, are due to be dismissed under the "domestic relations exception." *See Arias v. Moody*, 8:18-cv-304-23CPT, 2018 WL 1525980, at *5 (M.D. Fla. Mar. 14, 2018) (the "domestic relations exception" is a long-standing doctrine "that federal courts should not assume jurisdiction over cases that require them to determine issues of divorce, alimony or child custody") (citing *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (explaining that the domestic relations exception "divests the federal court of power to issue divorce, alimony, and child custody decrees")).

### B. Failure to State a Claim

Even if the Court had subject matter jurisdiction over this matter, dismissal would still be warranted for failure to state a claim. Dismissal for failure to state a claim is appropriate if the facts, as pled, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). To state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). However, in reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (stating that "[p]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed").

Even liberally construed, Plaintiff's Amended Complaint fails to meet the basic pleading requirements of Federal Rule of Civil Procedure 8(a)(1)-(2). Plaintiff's allegations are insufficient to enable the Court to ascertain the exact nature of his claims and the basis for the Court's jurisdiction over those claims. They also fail to provide Judge Westine with fair notice of what claims are raised and the grounds upon which they are based. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). More specifically, under 42 U.S.C. § 1983, a plaintiff must allege: (1) that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) that the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579,

8

1582 (11th Cir. 1995). Plaintiff fails to enumerate the right, privilege, or immunity secured by the Constitution or laws of the United States of which he was deprived.

Accordingly, it is hereby

**RECOMMENDED:**

1. Plaintiff's request to proceed *in forma pauperis* (Doc. 19) be denied.

2. Plaintiff's Amended Complaint (Doc. 14) be dismissed with prejudice.

**IT IS SO REPORTED** in Tampa, Florida, on January 12, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

cc: Hon. Kathryn K. Mizelle