UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE A. LAWRENCE,

    Plaintiff,

v.                                                 Case No: 8:20-cv-2570-KKM-SPF

LAURALEE WESTINE, in her official
capacity as a Family Court Judge in the
Circuit of Sixth Judicial Circuit in and for
Pasco County, Florida

    Defendant.
_____/

## ORDER

This matter is before the Court on consideration of the United States Magistrate Judge's Report and Recommendation (Doc. 22), recommending that Plaintiff Wayne Lawrence's Motion to Proceed In Forma Pauperis (Doc. 19) be denied and that this case be dismissed with prejudice because of a lack of subject matter jurisdiction and for failure to state a claim. All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections under 28 U.S.C. § 636(b)(1). Considering the record and the Report and Recommendation, the Court **ACCEPTS** and **ADOPTS** the Report and Recommendation, **DENIES** the Motion for to Proceed In Forma Pauperis, and **DISMISSES** this case with prejudice.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Plaintiff filed a perfunctory objection to the Report and Recommendation devoid of any identification of an error—either factual or legal. (Doc. 23). "Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a de novo review of that issue." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam). But "[i]t is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* That is exactly Plaintiff's objection. He does not identify any specific findings or recommendations that are flawed. *See United States v. Crisp*, 542 F. Supp. 2d 1267, 1270 n.3 (M.D. Fla. 2008) (concluding that defendant's general objection to the magistrate's objection was not specific enough to warrant consideration by the district court under § 636(b)).

Notwithstanding, the Court has reviewed de novo the Report and Recommendation's legal conclusions and finds no error therein.

Accordingly, the Court adopts the Report and Recommendation. This Court previously dismissed without prejudice Plaintiff's complaint for failure to state a claim because Defendant Judge Lauralee Westine (Judge Westine) is afforded absolute judicial immunity from suit for acts taken in her official capacity. Plaintiff's amended complaint contains substantially the same claims against Judge Westine. The Report and Recommendation thoroughly addresses the defects in Plaintiff's amended complaint, and the Court agrees with the Magistrate Judge's detailed and well-reasoned findings of fact and conclusions of law.

Accordingly, it is now **ORDERED**:

(1) The **Report** and **Recommendation** (Doc. 22) is **ACCEPTED** and **ADOPTED** and is made a part of this Order for all purposes, including appellate review.

(2) Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 19) is **DENIED**.

(3) This case is **DISMISSED with prejudice**. The Clerk is directed to terminate any pending motions and deadlines and to close this case.

**ORDERED** in Tampa, Florida, on February 19, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge